UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LESLIE P. PAL,

    Plaintiff,

v.

DUDE JEFF, et al.,

    Defendants.

Case No. 1:16-cv-914

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On September 8, 2016, Plaintiff Leslie P. Pal[1] filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion is a copy of the proposed complaint. (Doc. 1-1).

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or

---

[1] The complaint identifies Plaintiff as "Leslie P. Pal nee Powell" but the docket sheet identifies Plaintiff as "Leslie P. Pal."

arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff's complaint identifies the following defendants: (1) Dude Jeff; (2) Dude Joe; (3) Dude John; (4) Officer Sapp; (5) U.S. Marine Corp.; (6) FBI Colorado Springs; (7) Korea; (8) Danielle Korea; (9) Czechs; and (10) Germans. Plaintiff's "Statement of Claim" is difficult to understand, incoherent, and illogical.

The complaint should be dismissed in its entirety. The complaint provides no factual content or context from which the Court may reasonably infer that any Defendant violated plaintiff's rights. Plaintiff's factual allegations rise to the level of the delusional, irrational and "wholly incredible." Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

The undersigned takes judicial notice of the fact that this same Plaintiff has previously filed a number of delusional complaints, docketed under the names of

"Leslie P. Pal" and "Leslie Powellcraft Pal."  Plaintiff's first case was Case No. 1:13-cv-615, filed on September 9, 2013; she named the "Federal Bureau of Investigation" as the sole Defendant.  Magistrate Judge Karen Litkovitz recommended that case be dismissed as delusional on the same date, and that R&R was adopted on September 29, 2013.  Second, in Case No. 1:14-cv-113, Plaintiff named FBI "government entity employees" as well as "Doodie" and "Doodie's Mom" as Defendants.  The undersigned recommended the dismissal of that case on February 14, 2014, and the R&R was adopted on March 24, 2014.  Plaintiff filed a third delusional complaint in Case No. 1:14-cv-537 on June 30, 2014 against the "FBI Protective Program," "Dootie," Joe Pastor of Allstate Insurance Co., and J. Walker.  The undersigned recommended dismissal on July 11, 2014, and the R&R was adopted on August 20, 2014.  Plaintiff's appeal to the Sixth Circuit was dismissed on March 2, 2015.  A week later, Plaintiff filed her fourth delusional complaint, in Case No. 1:15-cv-168.  On March 19, 2015, the undersigned recommended the dismissal of Plaintiff's fourth complaint as both duplicative and as delusional.  The R&R was adopted on

> Notably, in Case No. 1:15-cv-169, Plaintiff was given this admonishment:
>
> [I]f she continues to submit complaints that raise claims identical or similar to those that have already been adjudicated, she may be subject to sanctions.  A *pro se* litigant may not flagrantly ignore relevant procedural or substantive rules of law.  The Court has the inherent power to prevent abuse of the judicial process, including the imposition of sanctions against a party who has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 50 (1991); *First Bank of Marietta v. Har{ford Underwriters Ins. Co.,* 307 F.3d 501, 514 (6th Cir. 2002).  The Court is also empowered under Federal Rule 11 to impose sanctions against a party who violates the dictates of the Rule.  Plaintiff is further warned that this Court may impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers* v. *Chevon U.S.A., Inc., et al.,* 141 F.3d 264, 269 (6th

4

Cir. 1998). Plaintiff's *pro se* status is no excuse for wasting the Court's limited resources and depriving other litigants with meritorious claims of speedy resolutions of their cases by the continual filing of frivolous lawsuits.

(Doc. 4 at 6-7). U.S. District Judge Susan J. Dlott overruled Plaintiff's objections and adopted the R&R as the opinion of the Court on May 21, 2015.

The instant complaint represents Plaintiff's fifth delusional complaint filed in this Court. The undersigned does not recommend the imposition of sanctions at this time, in part because of the likelihood that Plaintiff suffers from serious mental illness in combination with the fact that she proceeds *in forma pauperis*. Nevertheless, if Plaintiff continues to file frivolous and delusional complaints in the future, this Court may impose non-monetary sanctions, such as directing the Clerk of Court not to accept any complaint filed by Plaintiff that does not bear the certification of an attorney that it is not wholly frivolous and delusional.

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e). IT IS FURTHER RECOMMENDED that Plaintiff be admonished a second time not to file any new complaint in this Court that raises claims identical or similar to those that have already been adjudicated.

                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LESLIE P. PAL,                                                        Case No. 1:16-cv-914

        Plaintiff,                                           Dlott, J.
                                                               Bowman, M.J.
    v.

DUDE JEFF, et al.,

        Defendants

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                                                                *s/ Stephanie K. Bowman*
                                                                Stephanie K. Bowman
                                                                United States Magistrate Judge